UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL DUANE WILSON,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

3:14-cv-00071-RCJ-VPC

**ORDER**

Introduction

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Michael Duane Wilson, a Nevada prisoner. The respondents have filed a motion to dismiss. The court will grant respondents' motion in part and deny it in part. The court determines that three of Wilson's claims are unexhausted in state court. With regard to those unexhausted claims, the court will direct Wilson to make an election to either abandon the unexhausted claims or move for a stay of this action so that he may exhaust those claims in state court.

Background

    Wilson was convicted on October 1, 2009, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of eight counts of lewdness with a child under the age of 14, and one count of unlawful contact with a child. *See* Judgment of Conviction, Exhibit 26. He was sentenced

to two consecutive terms of ten years to life in prison for two of the lewdness convictions, and he was sentenced to concurrent terms for the other seven convictions. *See id*.[1]

In its order affirming Wilson's judgment of conviction, the Nevada Supreme Court described the background of the case as follows:

> ... The charges against Wilson involved two young girls who are sisters, A.S. and C.S. Wilson lived next door to the girls with his girlfriend Tonja, her teenage daughter J.F., and other family members. From February 2007 to early 2008, J.F. and Tonja babysat A.S. and C.S. while their mother worked the night shift as a cabriver. Occasionally, the two girls would sleep at Wilson's home while their mother worked. A.S. and C.S. were 8 and 10 years old, respectively, when this childcare arrangement began.
>
> During that time, Wilson at various times touched A.S.'s genitals, breasts, buttocks, and the "roof" of her buttocks. Wilson also showed her pornography on his cell phone and on the walls of his garage, though A.S. explained that he did not touch her during those incidents. Similarly, Wilson touched C.S.'s buttocks, clavicle area, sides of her breasts, and thighs. He also touched her on her shoulders, lower back, and sides of her body while showing her pornography. Additionally, he told both girls that he would hurt their mother if they told anyone about the touchings....

Order of Affirmance, Exhibit 33, p. 5.

The Nevada Supreme Court affirmed the judgment of conviction on December 9, 2011. *See id*. The court denied Wilson's petition for rehearing on May 9, 2012. *See* Order Denying Rehearing, Exhibit 37.

On July 16, 2012, Wilson filed a post-conviction petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 39. The state district court denied the petition, in a written order, on February 4, 2013. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 44. Wilson appealed, and the Nevada Supreme Court affirmed on January 15, 2014. *See* Order of Affirmance, Exhibit 48.

This court received Wilson's federal habeas petition, initiating this action *pro se*, on February 4, 2014 (ECF No. 4). The court granted Wilson's motion for appointment of counsel, and appointed counsel to represent him. *See* Order entered February 18, 2014 (ECF No. 3). With

---

[1] The exhibits referred to in this order were filed by Wilson, and are located in the record at ECF Nos. 15, 16, 17, 18 and 19.

2

counsel, Wilson filed a first amended habeas petition (ECF No. 14) on January 29, 2015. Wilson's first amended petition asserts the following claims:

    1a.    Wilson's federal constitutional rights have been violated because "the State of Nevada produced insufficient evidence at trial to support a conviction for lewdness [with] a minor and unlawful contact with a child." First Amended Petition (ECF No. 14), p. 12.

    1b.    "The trial court erroneously denied Wilson's pretrial motions challenging jurisdiction and requesting severance of the counts based on insufficiency of the evidence." *Id*. at 16.

    1c.    "The trial court applied an incorrect standard of review and erroneously denied Wilson's motion for judgment of acquittal or new trial." *Id*. at 18.[2]

    2.    "Wilson's sentence violated the Double Jeopardy Clause of the Fifth Amendment and the presumption against the pyramiding of punishment for a single transaction and occurrence." *Id*. at 20.

    3.    "Wilson's constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments were violated when A.S. and C.S. were allowed to testify." *Id*. at 23.

    4.    Wilson's federal constitutional rights were violated because of prosecutorial misconduct during closing arguments. *Id*. at 25.

    5a.    Trial counsel was ineffective, in violation of Wilson's federal constitutional rights, with respect to her cross-examination of C.S. *Id*. at 29.

    5b.    Trial counsel was ineffective, in violation of Wilson's federal constitutional rights, because she "failed to seek dismissal of all charges because Wilson did not "willfully and lewdly commit any lewd or lascivious act" pursuant to Nevada Revised Statute § 201.230." *Id*. at 30.

    5c.    Trial counsel was ineffective, in violation of Wilson's federal constitutional rights, because she "failed to object to multiple instances of prosecutorial misconduct during closing arguments." *Id*. at 30.

---

[2] In response to the motion to dismiss, Wilson contends that his first amended petition should not be read to include three separate subclaims within Claim 1; according to Wilson, Claim 1 should be read to assert only one claim, the insufficient evidence claim identified here as Claim 1a. *See* Opposition to Motion to Dismiss, pp. 6-7. However, given the manner in which the first amended petition is drafted, the court finds it reasonable to construe Claim 1 to assert three separate claims. *See* First Amended Petition, pp. 12-20. At any rate, as is discussed below, Claims 1b and 1c are unexhausted, and Wilson will be directed to make an election with respect to those claims (along with Claim 3), whether to abandon them or to move for a stay to allow for their exhaustion. If Wilson abandons Claims 1b and 1c, Claim 1 will then include only the insufficient evidence claim identified here as Claim 1a.

1      6a.      Appellate counsel was ineffective, in violation of Wilson's federal constitutional rights, because he "failed to include in Wilson's direct appeal the fact that the State of Nevada did not prove [with respect to] each element of the crime of lewdness with a minor that Wilson "willfully and lewdly committed a lewd or lascivious act." *Id*. at 31.

      6b.      Appellate counsel was ineffective, in violation of Wilson's federal constitutional rights, with respect to his presentation of Wilson's petition for rehearing. *Id*. at 32-33.

On April 1, 2015, respondents filed their motion to dismiss (ECF No. 21). Respondents argue in that motion: that Claims 1b, 1c and 3, and part of Claim 6b, are unexhausted in state court, and should be dismissed; and that Claims 1b, 1c, 2, 3, 6a and 6b fail to state claims that are cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 11-18. Wilson filed an opposition to the motion to dismiss on May 6, 2015 (ECF No. 23). Respondents did not reply.

Discussion

    Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). In their motion to dismiss, respondents assert that Claims 1b, 1c and 3, and part of Claim 6b, are unexhausted in state court. *See* Motion to Dismiss, pp. 11-13.

        Claims 1b and 1c

In Claim 1b, Wilson claims that his federal constitutional rights were violated because "[t]he trial court erroneously denied Wilson's pretrial motions challenging jurisdiction and requesting

4

severance of the counts based on insufficiency of the evidence." First Amended Petition, p. 16. And, in Claim 1c, Wilson claims that "[t]he trial court applied an incorrect standard of review and erroneously denied Wilson's motion for judgment of acquittal or new trial." *Id*. at 18.

To the extent that Claims 1b and 1c set forth separate claims for relief -- that is, separate from the more general insufficiency of the evidence claim asserted as Claim 1a -- they are unexhausted in state court. In state court, on his direct appeal, Wilson did not cast these as claims of violations of his federal constitutional rights. *See* Appellant's Opening Brief, Exhibit 29, pp. 18-24, 42-45; Appellant's Reply Brief, Exhibit 31, pp. 4-7, 15-17.

### Claim 3

In Claim 3, Wilson claims that his "constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments were violated when A.S. and C.S. were allowed to testify." First Amended Petition, p. 23.

Wilson did not make this claim, based on his federal constitutional rights, in state court. On his direct appeal, before the Nevada Supreme Court, Wilson argued that A.S. and C.S. were incompetent to testify, but, there, Wilson's claim was purely a matter of state law. *See* Appellant's Opening Brief, Exhibit 29, pp. 29-34; Appellant's Reply Brief, Exhibit 31, p. 12.

In his opposition to the motion to dismiss, Wilson argues that his citation, in his opening brief on his direct appeal, to *Felix v. State*, 109 Nev. 151, 849 P.2d 220 (1993), was sufficient to inform the Nevada Supreme Court that he meant to raise a federal constitutional issue. *See* Opposition to Motion to Dismiss, pp. 8-9. Wilson's argument based on *Felix*, in his opening brief on appeal, was as follows:

> One of the few Nevada cases specifically addressing child competency is *Felix v. State*, 109 Nev. 151, 849 P.2d 220 (1993) (overruled in part on other grounds in *Sheriff v. Witzenburg*, 122 Nev. 1056, 1062, 145 P.3d 1002, 1006 (2006)), where this court held that the two alleged child sexual abuse victims were not competent to testify. In reaching this conclusion, the court noted that one child could not differentiate between fact and fantasy when testifying to the events of the criminal allegations and the other child's testimony may have been tainted by the numerous interviews that occurred prior to the trial.

> Although the *Felix* Court indicated taht the trial court must examine every 10 year old child for competency prior to the child being abele to testify, in *Evans v. State*, 117 Nev. 609, 28 P.3d 498 (2001), the Court suggested that the *Felix* directive of "requiring [the] trial court to examine a child under ten years of age before permitting her to testify," no longer applies because the decision relied in part on the former NRS 48.030(2) which was repealed. But, the requirement for a competency hearing for all children witnesses under the age of 10 years in sexual cases correlates with NRS 51.385 and the acknowledgments by the *Kennedy* Court that there are "serious systemic concerns in prosecuting the crime of child rape..." *Kennedy v. Louisiana*, ___ U.S. ___, 171 L.Ed.2d 525, 553-554, 128 S.Ct. 2641, 2663 (2008).
>
> [Footnote: In *Kennedy*, the Court cited to: "*See* Ceci & Friedman, The Suggestibility of Children: Scientific Research and Legal Implications, 86 Cornell L. Rev. 33, 47 (2000) (there is "strong evidence that children, especially young children, are suggestible to a significant degree -- even on abuse-related questions"); Gross, Jacoby, Matheson, Montgomery, & Patil, Exonerations in the United States 1989 Through 2003, 95 J. Crim. L & C. 523, 539 (2005) (discussing allegations of abuse at the Little Rascals Day Care Center); *see also* Quas, Davis, Goodman, & Myers, Repeated Questions, Deception, and Children's True and False Reports of Body Touch, 12 Child Maltreatment 60, 61-66 (2007) (finding that 4- to 7-year-olds "were able to maintain [a] lie about body touch fairly effectively when asked repeated, direct questions during a mock forensic interview")."]

Appellant's Opening Brief, Exhibit 29, pp. 33-34. That argument was plainly focused on state law. There is no indication in that argument that Wilson cited *Felix* to support a federal constitutional claim. In order to exhaust a claim, a petitioner must "fairly present" his "federal legal theories to the state courts, so that those courts are alerted to the fact that the prisoner[ ][is] asserting claims under the United States Constitution and thus given the opportunity to correct alleged violations of [the] prisoner['s] federal rights." *Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir.2014) (citing *Duncan*, 513 U.S. at 365-66) (internal quotation marks omitted). A petitioner may "fairly present" and exhaust a claim in state court by citing a state court opinion that analyzes a federal constitutional issue. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (en banc). However,

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where ... the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir.2004); *accord Arrendondo*, 763 F.3d at 1138. There was no signal in Wilson's briefing, on his direct appeal, that he raised a federal constitutional issue regarding the competency of A.S. and C.S. to testify.

Wilson argues, however, that his citation, in the above-quoted argument, to the United States Supreme Court case, *Kennedy v. Louisiana*, 554 U.S. 407 (2008), in conjunction with his citation to *Felix*, was sufficient to notify the Nevada Supreme Court that he raised a federal constitutional issue. *See* Opposition to Motion to Dismiss, p. 9; *see also* First Amended Petition, p. 23 ("Wilson federalized the claim by, inter alia, citation and discussion of the United States Supreme Court case *Kennedy v. Louisiana*, 554 U.S. 407 (2008)."). In *Kennedy*, the Supreme Court held that the Eighth Amendment prohibits the death penalty for the rape of a child where the crime did not result, and was not intended to result, in the victim's death. Wilson's citation to *Kennedy* in his opening brief on appeal refers to a discussion in *Kennedy* regarding the difficulty of prosecuting a capital crime with a child victim-witness. *See* Appellant's Opening Brief, Exhibit 29, p. 34; *Kennedy*, 554 U.S. at 443-44. The *Kennedy* case did not involve a Fifth, Sixth, or Fourteenth Amendment issue regarding a child victim-witness's competency to testify. Wilson's citations to *Kennedy* and *Felix* did not serve to notify the Nevada Supreme Court that he intended to raise such an issue on his appeal.

Claim 3 is unexhausted.

### Claim 6b

In Claim 6b, Wilson claims that his appellate counsel was ineffective, in violation of his federal constitutional rights, with respect to his presentation of his petition for rehearing. *Id*. at 32-33. Wilson claims that appellate counsel improperly argued the issues raised in that petition, and completely failed to raise other issues. *See id*.

Respondents argue that in state court Wilson did not exhaust the first part of Claim 6b, in which he claims his appellate counsel improperly argued the issues that he did raise in the petition for rehearing. *See* Motion to Dismiss, p. 13. The court disagrees. Wilson did argue in his state habeas petition that his appellate counsel failed to properly argue the two issues raised in the petition

for rehearing. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 39, p. 25 ("Besides the fact that both of these issue[s] were improperly argued ....").

Claim 6b is exhausted in state court.

Cognizability of Claims

Respondents go on to argue in their motion to dismiss that Claims 1b, 1c, 2, 3, 6a and 6b of Wilson's first amended petition fail to state claims that are cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 11-18.

The court finds that respondents' arguments in this regard will be better addressed when the court considers the merits of all petitioner's remaining claims, after respondents file an answer and Wilson files a reply.

Moreover, with respect to Claims 1b, 1c and 3, the court finds those claims to be unexhausted in state court, and Wilson will be required to elect to either abandon those claims or move for a stay to allow their exhaustion in state court. Regardless of what Wilson elects to do with respect to Claims 1b, 1c and 3, respondents' arguments that those claims are not cognizable in federal court might become moot before the court reaches the merits of the claims remaining in Wilson's amended habeas petition.

Therefore, the court declines, at this time, to reach respondents' arguments that Claims 1b, 1c, 2, 3, 6a and 6b fail to state cognizable claims, and the court denies respondents' motion to dismiss to that extent, without prejudice to respondents making the same or similar arguments at an appropriate time in their answer.

Petitioner's Election Regarding Claims 1b, 1c and 3

As is discussed above, the court determines that Claims 1b, 1c and 3 are unexhausted in state court. With respect to Claims 1b, 1c and 3, Wilson will be directed to make an election, to either file a notice of abandonment of those claims, indicating that he elects to abandon those claims and proceed in this case with the litigation of his remaining claims, or, alternatively, file a motion for stay, requesting a stay of this action to allow him to return to state court to exhaust Claims 1b, 1c

and 3. If Wilson elects to file a motion for stay, he must make a showing that a stay is warranted, as prescribed in *Rhines v. Weber*, 544 U.S. 269 (2005). If Wilson does not, within the time allowed, file a notice of abandonment of Claims 1b, 1c and 3, or a motion for a stay to allow exhaustion of those claims in state court, Wilson's entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 21) is **GRANTED IN PART AND DENIED IN PART**. The court finds Claims 1b, 1c and 3 of petitioner's first amended petition for writ of habeas corpus (ECF No. 14) to be unexhausted in state court. With respect to Claims 1b, 1c and 3, the court will direct petitioner to make an election, as described below; in all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days**, from date of entry of this order, to file a notice of abandonment of Claims 1b, 1c and 3, or a motion for a stay of this action to allow him to exhaust those claims in state court, as described above.

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of Claims 1b, 1c and 3, respondents shall then have 90 days to file an answer, responding to petitioner's remaining claims. After respondents file an answer, petitioner shall have 60 days to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner files a motion for a stay to allow exhaustion of Claims 1b, 1c and 3 in state court, respondents shall thereafter have 30 days to file a response to that motion, and petitioner shall thereafter have 20 days to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner does not, within the time allowed, file a notice of abandonment of Claims 1b, 1c and 3, or a motion for a stay to allow exhaustion of those claims in state court, petitioner's entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

DATED: This 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE