**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL DUANE WILSON,

    Petitioner,　　　　　　　　　　　3:14-cv-00071-RCJ-VPC

vs.

    　　　　　　　　　　　　　　　**ORDER**

ROBERT LeGRAND, *et al.*,

    Respondents.

_____/

    In this habeas corpus action, brought by Nevada prisoner Michael Duane Wilson, the court ruled on the respondents' motion to dismiss in an order entered on November 9, 2015 (ECF No. 25), granting the motion to dismiss in part and denying it in part. The court determined that three claims in Wilson's first amended habeas petition -- Claims 1b, 1c and 3 -- are unexhausted in state court. *See* Order entered November 9, 2015 (ECF No. 25). With regard to those unexhausted claims, the court gave Wilson thirty days to make an election to either abandon the unexhausted claims or move for a stay of this action so that he may exhaust those claims in state court. *See id*. The court warned that if Wilson did not, within the time allowed, file a notice of abandonment of Claims 1b, 1c and 3, or a motion for a stay to allow exhaustion of those claims in state court, Wilson's entire first amended habeas petition would be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). *See id.*

    On December 10, 2015, Wilson filed a motion for reconsideration (ECF No. 26), seeking

reconsideration of the November 9, 2015 order.  Respondents did not respond to the motion for reconsideration.

The court has inherent power to entertain motions for reconsideration of interlocutory orders. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders ... are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed.R.Civ.P. 54(b). The standard governing reconsideration of an interlocutory order is the same as the standards governing motions to alter or amend final judgments under Federal Rule of Civil Procedure 59(e) or 60(b).  Motions for reconsideration are disfavored, and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).  Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

In his motion for reconsideration, Wilson argues that the court erred finding Claims 1b and 1c to be unexhausted in state court. *See* Motion to Reconsider (ECF No. 26), pp. 4, 7-9, 12.  In Claim 1b, Wilson claims that his federal constitutional rights were violated because "[t]he trial court erroneously denied Wilson's pretrial motions challenging jurisdiction and requesting severance of the counts based on insufficiency of the evidence." First Amended Petition (ECF No. 14), p. 16.  In Claim 1c, Wilson claims that "[t]he trial court applied an incorrect standard of review and erroneously denied Wilson's motion for judgment of acquittal or new trial." *Id*. at 18.  In the November 9, 2015 order, the court ruled:

> To the extent that Claims 1b and 1c set forth separate claims for relief -- that is, separate from the more general insufficiency of the evidence claim asserted as Claim 1a -- they are unexhausted in state court.  In state court, on his direct appeal, Wilson did not cast these as claims of violations of his federal constitutional rights.  *See* Appellant's Opening Brief, Exhibit 29, pp. 18-24, 42-45; Appellant's Reply Brief, Exhibit 31, pp. 4-7, 15-17.

Order entered November 9, 2015 (ECF No. 25), p. 5.  Wilson argues in his motion for reconsideration that he exhausted Claims 1b and 1c by citing federal authority in support of those claims in his opening brief before the Nevada Supreme Court on his direct appeal.  The court has revisited the question of exhaustion of Claims 1b and 1c, with Wilson's new arguments in mind, and the court has reexamined Wilson's opening brief before the Nevada Supreme Court in that regard.  *See* Appellant's Opening Brief, Exhibit 29.  (The exhibits referred to in this order were filed by Wilson, and are located in the record at ECF Nos. 15, 16, 17, 18 and 19.)  The court remains of the view that Claims 1b and 1c -- to the extent they set forth federal constitutional claims separate from the insufficiency of evidence claim in Claim 1a -- were not presented to the Nevada Supreme Court.  Claims 1b and 1c are unexhausted in state court.  Claim 1a, on the other hand, sets forth a claim that there was insufficient evidence at trial to support Wilson's convictions, and that claim is exhausted in state court.

Wilson also argues in his motion for reconsideration that the court erred in finding Claim 3 to be unexhausted in state court.  *See* Motion to Reconsider, pp. 5, 11-12.  In Claim 3, Wilson claims that his "constitutional rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments were violated when A.S. and C.S. were allowed to testify."  First Amended Petition, p. 23.  In its November 9, 2015 order, the court ruled that "Wilson did not make this claim, based on his federal constitutional rights, in state court."  Order entered November 9, 2015, p. 5.  The court explained that, in his briefing before the Nevada Supreme Court, Wilson's argument that A.S. and C.S. were incompetent to testify was made purely as a matter of state law.  *Id*. at 5-7.  The court further explained that Wilson's citations to federal authorities with respect to this argument, in his briefs before the Nevada Supreme Court, were not such as to notify that court that he intended to raise a federal constitutional claim.  *See id*.  In his motion for reconsideration, Wilson argues that Claim 3 should be considered exhausted because, in his opening brief before the Nevada Supreme Court, Wilson incorporated into his federal constitutional claim that there was insufficient evidence to

3

support his convictions his argument that A.S. and C.S. were incompetent to testify. *See* Motion to Reconsider, pp. 5, 11-12. The court finds this argument to be meritless. Wilson's incorporation of his argument that A.S. and C.S. were incompetent to testify into his insufficiency of evidence claim did not serve to notify the Nevada Supreme Court that he intended to raise a separate claim that his federal constitutional rights were violated because A.S. and C.S. were allowed to testify. Claim 3 is unexhausted.

Finally, Wilson argues in his motion for reconsideration that if the court determines that he did not present Claims 1b, 1c and 3, as federal claims, to the state courts, he no longer has any available state-court remedies with respect to those claims, and this court should therefore treat those claims as exhausted but procedurally defaulted, and should allow him an opportunity to attempt to show cause and prejudice to overcome the procedural default. *See* Motion to Reconsider, pp. 5-7. Wilson's argument in this regard, in his opposition to the motion to dismiss, was as follows:

> Even a claim never submitted to a state's highest court is exhausted, but procedurally defaulted, "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Reese v. Bladwin*, 282 F.3d 1184, 1190 (9th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)), *overruled on other grounds by Baldwin v. Reese*, 541 U.S. 27 (2004); *accord Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bars to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."); *cf. Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001) (affirming district court's determination that claims not presented to the state's highest court were nonetheless exhausted because "a return to state court would be futile"); *see also Valerio v. Crawford*, 306 F.3d 742, 769 (9th Cir. 2002) (en banc) (opining that it is possible one of petitioner Valerio's claims is exhausted since it will likely be time barred if Valerio returns to state court); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982) (explaining the exhaustion "requirement ... refers only to remedies still available at the time of the federal petition"). This has been the law of this Circuit for a number of years. *See, e.g., Batchelor v. Cupp*, 693 F.2d 859, 862-64 (9th Cir. 1982). It is the law of the other federal courts of appeal. *See, e.g., Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). The principle is also codified in the statute governing federal state conviction habeas litigation. *See* 28 U.S.C. § 2254(b)(1)(B)(i) (2012).
>
> Hence, even if this Court finds that Wilson failed to properly federalize some of his claims as the State suggests, the claims are procedurally defaulted. If this Court finds the claims defaulted, Wilson formally requests the right to brief whether he can establish cause and prejudice to excuse the defaults.

Opposition to Motion to Dismiss (ECF No. 23), pp. 4-5. And, in his motion for reconsideration, Wilson argues:

> Wilson does not need to abandon any of these claims. If this Court finds that Wilson did not adequately federalize the grounds in dispute, the analysis then shifts to whether Wilson can demonstrate cause and prejudice to overcome the anticipated defaults. Wilson requests the right to brief cause and prejudice should this Court continue to find Wilson did not adequately federalize his claims.

Motion to Reconsider, p. 7.

Under Nevada law, the procedural bars applicable to untimely and successive state habeas petitions may be overcome by a showing of cause and prejudice. *See* NRS 34.726(1) (statute of limitations), 34.810(3) (successive petitions). Wilson has repeatedly stated that he wishes to assert in this court an argument that he can show cause and prejudice regarding his procedural defaults. Wilson does not explain why that cause and prejudice argument would necessarily be unavailing in state court. Therefore, Wilson has not shown that he is without an available remedy in state court. Claims 1b, 1c and 3 are unexhausted in state court.

The court will, therefore, deny Wilson's motion for reconsideration, and will set a new deadline for Wilson to either abandon his unexhausted claims are move for a stay of this action pending the exhaustion of his claims in state court.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Reconsider Order on Exhaustion (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **20 days**, from date of entry of this order, to file a notice of abandonment of Claims 1b, 1c and 3, or a motion for a stay of this action to allow him to exhaust those claims in state court, as described in the order entered November 9, 2015 (ECF No. 25).

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of Claims 1b,

1c and 3, respondents shall then have 90 days to file an answer, responding to petitioner's remaining claims.  After respondents file an answer, petitioner shall have 60 days to file a reply.

     **IT IS FURTHER ORDERED** that, if petitioner files a motion for a stay to allow exhaustion of Claims 1b, 1c and 3 in state court, respondents shall thereafter have 30 days to file a response to that motion, and petitioner shall thereafter have 20 days to file a reply.

     **IT IS FURTHER ORDERED** that, if petitioner does not, within the time allowed, file a notice of abandonment of Claims 1b, 1c and 3, or a motion for a stay to allow exhaustion of those claims in state court, petitioner's entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

DATED: This 12th day of April, 2016.

                                                                                              _____
                                                                                         UNITED STATES DISTRICT JUDGE